**FILED**

DEC -3 2019

Clerk, U.S. District and
Bankruptcy Courts

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PRECIOUS OKEREKE, )
)
    Plaintiff, )
) Civil Action No. 1:19-cv-03382 (UNA)
)
JEFFREY A. HOWARD, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case on the basis of lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and judicial immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff is a resident of Suffolk County, Massachusetts and sues: four judges for the United States Court of Appeals for the First Circuit ("First Circuit"), a magistrate judge and the chief judge of the United States District Court for the District of Massachusetts ("District of Massachusetts"), and three attorneys, all of whom are located in Boston, Massachusetts. Plaintiff provides a rambling list of various state and federal amendments, statues, rules, declarations, and restatements, however, no relevant basis is provided to justify reliance on such legal authority.

The crux of plaintiff's claims is predicated on her profound disagreement with the decisions and ultimate outcome of legal proceedings she filed in the District of Massachusetts, *see Okereke v. Uber Technologies, Inc.*, Nos. 16-cv-12487, 16-02372-H (D. Mass. docketed Dec. 7, 2016), and appealed to the First Circuit, *see Okereke v. Uber Technologies, Inc.*, No. 17-01896 (1st Cir.

docketed Mar. 12, 2019).  Plaintiff is suing the judges and opposing counsel involved in this prior litigation based on what she believes to be a "miscarriage of justice or error of law."  She disputes an "unlawful verdict" which resulted in dismissal.  She seeks monetary damages and requests that this court to either accept transfer of her prior litigation and/or reopen the case and enter judgment in her favor.

First, this court lacks subject matter jurisdiction[1] to review the decisions of another district court.  *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995).  To the extent that plaintiff seeks transfer of her litigation, she must file a motion in her existing litigation.  *See* 28 U.S.C. § 1404.

Second, judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction."  *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity.").  "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  Further, "a judge will not be deprived of immunity because the action he took was in error, was done

---

[1] Plaintiff has also failed to demonstrate that the named defendants have minimum contacts with the District of Columbia, and this court cannot exercise personal jurisdiction over any of the named defendants. *See* Federal Rule of Civil Procedure 12(b)(2); *see also International Shoe Co. v Washington*, 326 U.S. 310, 316 (1945).

maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."). In determining whether a judge was acting in his judicial capacity, courts should look to the "nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Mireles,* 502 U.S. at 12 (quoting *Stump*, 435 U.S. at 362). Plaintiff argues that the named judges acted in complete absence of jurisdiction, but this argument lacks merit; the whole of the complaint relates to plaintiff's displeasure that the case was not stayed for arbitration, and that the matter was eventually dismissed. These actions are unequivocally judicial in nature.

Third, the complaint contains only general, conclusory allegations against all defendants. The court "shall dismiss" an action in which a plaintiff is proceeding *in forma pauperis* "at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A court's *sua sponte* consideration of dismissal *the in forma pauperis* statute is akin to evaluation of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require of a complaint is that it contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a). A plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–56. To sufficiently state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

3

*Twombly*, 550 U.S. at 570). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Even affording plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), the complaint fails to adequately state any civilly actionable claims or the grounds upon which they rest.

For all of these reasons, plaintiff's complaint is subject to dismissal. An order consistent with this memorandum opinion is issued separately.

_____
United States District Judge

Date: November 27, 2019